UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER PATTERSON,

Petitioner, Case No. 1:14-cv-878

v. Honorable Janet T. Neff

WILLIE SMITH,

Respondent.
_______________________________/

**REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action because it is time-barred under 28 U.S.C. § 2244(d), *Day v. McDonough,* 547 U.S. 198, 209 (2006), or because it is an abuse of the writ, *Smith v. United States*, No. 95-3980, 1996 WL 330864, at *2 (6th Cir. June 14, 1996). After undertaking

the review required by Rule 4, I conclude that the petition should be dismissed because it is barred by the one-year statute of limitations and it is an abuse of the writ.

**Discussion**

I. Background

Petitioner Chester Patterson is incarcerated at Ionia Correctional Facility, where he is serving two life sentences imposed in 1972 after he pleaded guilty to armed robbery, Mich. Comp. Laws § 750.529, and second-degree murder, Mich. Comp. Laws § 750.317. The Michigan Court of Appeals initially reversed his convictions because he was not sufficiently advised of his rights when he entered his plea. After Petitioner entered his plea a second time, he received the same sentences. The Michigan Court of Appeals and the Michigan Supreme Court subsequently denied leave to appeal the new judgment of conviction and sentence, and the trial court denied a post-conviction motion for a new trial.[1] He has now filed at least seven habeas corpus petitions challenging those convictions. The Sixth Circuit described the history of his first five petitions as follows:

> The district court dismissed Patterson's first habeas corpus petition without prejudice on January 25, 1977, and dismissed Patterson's second habeas corpus petition without prejudice on May 4, 1981. On October 27, 1981, the district court addressed the merits of Patterson's third habeas corpus petition and denied relief. This court, however, vacated the district court's decision and remanded Patterson's third habeas corpus petition to district court with instructions to dismiss the petition in light of Patterson's failure to exhaust state remedies pursuant to *Rose v. Lundy,* 455 U.S. 509 (1982). The district court did so on August 23, 1983.
>
> In his fourth habeas corpus petition, Patterson raised eight grounds for relief. The district court denied Patterson's fourth petition on December 13, 1985. This court affirmed the district court's decision on August 13, 1987, and the United States

[1] The foregoing facts regarding the reversal of Petitioner's convictions and the subsequent appellate proceedings are taken from *Patterson v. Rivers*, No. 97-2153, 1999 WL 775800, at *1 (6th Cir. Sept. 24, 1999).

> Supreme Court denied Patterson's petition for a writ of certiorari on January 19, 1988.
>
> On August 30, 1991, a magistrate judge recommended that Patterson's fifth habeas corpus petition be dismissed as an abuse of the writ. On September 13, 1991, the district court adopted the magistrate judge's Report and Recommendation as the opinion of the court and dismissed Patterson's petition.

*Patterson v. Rivers*, No. 97-2153, 1999 WL 775800, at *1 (6th Cir. Sept. 24, 1999) (footnotes omitted). The sixth petition, which was filed on April 19, 1994, was dismissed by the district court as an abuse of the writ. *See id.* at *2.

In the instant action, which was filed on or about August 14, 2014,[2] Petitioner asserts the following grounds for relief:

> I. A RADICAL JURISDICTIONAL DEFECT OCCURRED WHERE PETITIONER'S PRESENTENCE REPORT LISTS AN UNCOUNSELED CONVICTION FOR A CRIME THAT DOES NOT EXIST IN MICHIGAN.
>
> II. THE FAILURE OF THE TRIAL COURT TO AUTHORIZE THE FILING OF THE AMENDED INFORMATION CONSTITUTE[S] A RADICAL JURISDICTION[AL] DEFECT.
>
> III. JUDGE COOK COMMITTED FRAUD ON THE COURT WHEN HE CONCEALED HIS PERSONAL FRIENDSHIP WITH THE FATHER OF THE VICTIM WHO DIED IN THIS CASE.
>
> IV. ALL PROCEEDINGS IN WHICH HONORABLE GEORGE R. COOK PRESIDED OVER MUST BE VACATED FOR WANT OF JURISDICTION WHERE JUDGE COOK WAS BIASED AND PREJUDICED DUE TO HIS ADMITTED PERSONAL FRIENDSHIP WITH THE FATHER OF THE MURDER VICTIM.

---

[2]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on August 14, 2014, and it was received by the Court on August 19, 2014. Thus, it must have been handed to prison officials for mailing at some time between August 14 and August 19. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

V. PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE DEFENSE COUNSEL FAILED TO ENFORCE THE TERMS OF THE STIPULATION AGREEMENT TO KEEP JUDGE COOK DISQUALIFIED FROM THE CASE.

VI. THE DECEPTION BY THE PROSECUTOR WHICH ALLOWED JUDGE COOK TO REMAIN ON PETITIONER'S CASE[] CONSTITUTE[S] FRAUD ON THE COURT, AND, PROSECUTORIAL MISCONDUCT.

VII. A RADICAL JURISDICTIONAL DEFECT OCCURRED WHERE PETITIONER'S PRESENTENCE REPORT LISTS AN UNCOUNSELED MISDEMEANOR FOR WHICH HE NEVER WAIVED HIS CONSTITUTIONAL RIGHT TO COUNSEL.

VIII. JUDGE VANDER WAL ABUSED HIS DISCRETION AND COMMITTED REVERSIBLE ERROR WHEN HE FAILED TO ADDRESS THE PROSECUTOR'S MOTION TO FILE THE AMENDED INFORMATION.

IX. PETITIONER IS ENTITLED TO BE RESENTENCED WHERE HE WAS NEVER AFFORDED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO ALLOCUTION DURING THE MAY 12, 1972 RESENTENCING PROCEEDINGS.

X. PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ON HIS 1972 APPEAL OF RIGHT.

(Pet., docket #1, Page ID##6-17.)

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to his application, Petitioner appealed the judgment of conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court. He does not recall the precise date that the Michigan Supreme Court denied his application, but he thinks it entered its decision in 1975. (Pet., docket #3, Page ID#2.) He did not file a petition for writ of certiorari in the United States Supreme Court. Thus, the conviction became final in 1975. A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Obviously, Petitioner filed long after the grace period expired.

The running of the statute of limitations is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner asserts that he filed a motion for relief from judgment in state court, but he does not recall when it was filed. (Pet., docket #1, Page ID#3.) According to the Sixth Circuit, Petitioner filed a motion for relief from judgment that was denied by the trial court on December 19, 1991, because all of the claims were procedurally barred from review. *Patterson*, 1999 WL 775800, at *1 n.2. The Michigan appellate courts refused to review the trial court's decision. *See id.* In addition, a search of the Michigan Court of Appeals' website[3] reveals that Petitioner attempted to appeal the denial of additional motions for relief from judgment in 2001, 2002, 2003, 2006,[4] and 2009.[5] All of the appeals were dismissed. According to Petitioner, he raised the claims asserted in the instant action a motion for relief from judgment that was filed on May 20, 2014, and denied on June 11, 2014. (*See* Pet., docket #1, Page ID#6.) None of the foregoing motions render Petitioner's application timely. All of the motions were either filed and resolved before the AEDPA, or were filed after the grace period expired in 1997. The tolling provision does not "revive" the limitations period (*i.e.*, restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral motions can no longer serve to avoid the statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-

---

[3]http://courts.mi.gov/opinions_orders/case_search/Pages/default.aspx?SearchType=2&PartyName=patterson+chester&CourtType_PartyName=3.

[4]The appeal was dismissed for failure to pay the appellate filing fee. *People v. Patterson*, No. 374219 (Mich. Ct. App. Jan. 5, 2007).

[5]The appeal was dismissed for lack of jurisdiction as an improper attempt to appeal a successive motion for relief from judgment. *People v. Patterson*, No. 292760 (Mich. Ct. App. Aug. 26, 2009).

conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d at 490). Because Petitioner's one-year limitations period expired in 1997, his collateral motions filed in 2001, 2002, 2003, 2006, 2009 and 2014 do not serve to revive it.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

To justify the timing of his petition, Petitioner merely reasserts the basis for his claims and contends that it will be a "miscarriage of justice" not to review his issues. (Pet., docket #1, Page ID#19.) In other words, Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. He does not allege facts demonstrating that he has been diligent in pursuing his rights, or that extraordinary circumstances have prevented

him from presenting his claims. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is innocent. Nor does he proffer new evidence of his innocence, let alone evidence that makes it more likely than not that no reasonable jury would have convicted him. *Schlup*, 513 U.S. at 329. Because Petitioner has wholly

failed to provide evidence of his actual innocence, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His habeas petition therefore is time-barred.

III. Abuse of the Writ

Even if Petitioner's action were not time-barred, it would be subject to dismissal as an abuse of the writ. A habeas action filed after the enactment of the AEDPA is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

Ordinarily, before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When the previous petition was filed *before* the enactment of the AEDPA, however, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress*, 484 F.3d at 852. That standard does not require authorization from the court of appeals. *Id.* It appears that Petitioner's previous habeas petitions were filed before the enactment of the AEDPA. Thus, the Court must determine whether the instant petition would have survived under the abuse of the writ standard.

The abuse of the writ standard "allow[ed] a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991)). With respect to the cause determination, the habeas court must decide "whether petitioner possessed, or by reasonable means could have obtained, a sufficient basis to allege a claim in the first petition and pursue the matter through the habeas process." *McCleskey*, 499 U.S. at 498. To show cause, a petitioner must demonstrate that, at the time he filed his prior habeas petition, he conducted "a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief . . . ." *Id.* In order to show prejudice, a petitioner must demonstrate that the alleged constitutional error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Tolliver v. Sheets*, 594 F.3d 900, 924 (6th Cir. 2010) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).

Assuming that Petitioner's claims were not previously raised in a prior petition, Petitioner cannot demonstrate cause for failing to raise them. All of his claims are based on facts that were known long ago, before his fifth petition was filed, if not earlier. Claims III to VI concern the trial judge's alleged bias based on his friendship with the victim's father—a fact that was revealed in 1981—and the subsequent failure by the court and the prosecution to prevent that judge from being involved in the case. (*See* Br. in Supp. of Pet., docket #3, Page ID##85-86.) The other claims were "present" and known at the time of Petitioner's direct appeal. (*See id.* at Page ID#87.) Petitioner offers no justification for failing to present his claims in a prior petition. Consequently, his petition would not survive under the abuse of the writ standard.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations and it constitutes an abuse of the writ. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This Report and Recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this Report and Recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

In addition, a district court may raise the issue of abuse of the writ *sua sponte* so long as it provides the petitioner with an opportunity to respond to the charge. *Smith*, 1996 WL 330864, at *2. The opportunity to file objections to this Report and Recommendation constitutes Petitioner's opportunity to respond to the charge that his application constitutes an abuse of the writ.

Date: September 10, 2014

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

**NOTICE TO PETITIONER**

Any objections to this Report and Recommendation must be filed within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).