UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER PATTERSON,

    Petitioner,                                       Case No. 1:14-cv-878

v.                                                 HON. JANET T. NEFF

WILLIE SMITH,

    Respondent.
_____/

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as barred by the one-year statute of limitations and as an abuse of the writ (Dkt 5). The matter is presently before the Court on Petitioner's objections and supplemental objections to the Report and Recommendation (Pet'r Obj., Dkt 6; Pet'r Supp'l Obj., Dkt 7). Petitioner has also since filed a motion for an evidentiary hearing (Dkt 8) and a motion to amend, which raises two new supplemental issues (Dkt 10).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner is incarcerated at Ionia Correctional Facility, where he is serving two life sentences imposed in 1972. Petitioner pleaded guilty to armed robbery and second-degree murder. This case has a lengthy history as detailed in the R & R (Dkt 5 at 2-3 (quoting *Patterson v. Rivers*, No. 97-2153, 1999 WL 775800, at *1 (6th Cir. Sept. 24, 1999)). Petitioner has filed at least seven habeas corpus petitions challenging his convictions, all of which have been denied.

## I. Objections to the Report and Recommendation

Petitioner argues that the Magistrate Judge erred by concluding that his instant habeas corpus petition is barred as an abuse of the writ (Pet'r Obj., Dkt 6 at 5-7; R & R, Dkt 5 at 11). To support his argument, Petitioner asserts that

> [a]ll petitions for writ of habeas corpus, filed in this case from 1975 to now, are void and tainted by fraud on the court where they were all based on decisions from the trial court, presided over by judges who lacked the jurisdiction to enter orders and opinions in this case.

(Pet'r Obj., Dkt 6 at 5). In addition, Petitioner argues that the statute of limitations should not be applied to his case "where the trial judges lacked jurisdiction" (*id.* at 7). In Petitioner's Supplemental Objections, he contends that he is entitled to relief due to the ineffective assistance of counsel (Pet'r Supp'l Obj., Dkt 7 at 1). Petitioner argues that he has not abused the writ because "there never would have been any habeas petitions filed in this case if [his attorney] had done his job in 1974" (*id.* at 1-2).

The Magistrate Judge correctly determined that Petitioner's petition is barred as an "abuse of the writ." When, as here, the prior habeas action was filed before the 1996 enactment of the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA), this Court must consider whether the second or successive petition would have survived under the pre-AEDPA "abuse of the writ" standard. *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). The

"abuse of the writ" standard "allows a second motion containing a new claim where the inmate can 'show cause for failing to raise [the issue in the first motion] and prejudice therefrom.'" *Id.* (quoting *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997)). Petitioner has not demonstrated cause for failing to raise his claims in a prior petition. He argues that because "the judges who presided over this case from 1975 to now" lacked jurisdiction, all of his previous petitions are void (Pet'r Obj., Dkt 6 at 7). However, that does not establish cause for failing to raise these claims earlier. As the Magistrate Judge determined, all of Petitioner's claims are based on facts that were known before the filing of his fifth habeas corpus petition, if not earlier (R & R, Dkt 5 at 10). For instance, the claims concerning the trial judge's alleged bias based on his friendship with the victim's father and the subsequent failure by the court and the prosecution to prevent that judge from being involved in the case are based on facts revealed in 1981 (Pet'r Br., Dkt 3 at 85-6). Because Petitioner offers no justification for failing to present his claims in a prior petition, his petition would not survive under the "abuse of the writ" standard. Therefore, the Magistrate Judge was correct in recommending that the habeas corpus petition be denied.

Even if Petitioner's petition was not barred as an abuse of the writ, the Magistrate Judge properly concluded that it is also barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1) (R & R, Dkt 5 at 5). Petitioner's conviction became final in 1975. A petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). As a result, Petitioner's one-year limitations period expired in 1997, which is well before his instant petition was filed.

Petitioner claims that the statute of limitations should not apply because the judges who presided over his case lacked the jurisdiction to do so (Pet'r Obj., Dkt 6 at 7). Petitioner's argument is without merit. Although the one-year statute of limitations is subject to equitable tolling and the actual innocence exception, the Magistrate Judge applied the proper standards and correctly concluded that neither of these is applicable to Petitioner's case.

A petitioner seeking equitable tolling of the statute of limitations has the burden of establishing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). The Magistrate Judge correctly concluded that Petitioner has not established either element.

To show actual innocence, a petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) (citation omitted). Petitioner does not claim that he is innocent or offer any new evidence of his innocence. Because Petitioner failed to establish that equitable tolling or actual innocence is applicable to his case, he is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). Therefore, the Magistrate Judge properly concluded that Petitioner's habeas corpus petition is time-barred.

## II. Supplemental Issues

In his motion to raise supplemental issues, Petitioner alleges that he was 17 years old at the time of the crime and questioning by law enforcement and that his requests to call his mother were repeatedly denied before he confessed to the crime (Dkt 10 at 2). First, Petitioner contends that his confession and guilty plea are constitutionally defective because: (1) he was denied his constitutional right to talk to his mother before he was questioned by the arresting officers; (2) he

was never advised of his constitutional right to have his mother present before, and, during questioning; (3) he was never advised of his constitutional right to have counsel present during questioning; and lastly, (4) he was never advised that he has a constitutional right to terminate questioning at any time (Dkt 11 at 2). Petitioner also argues that he was denied the effective assistance of counsel because his defense attorney failed to move to suppress his confession (Dkt 10 at 2). The Magistrate Judge had no opportunity to evaluate these claims and therefore they are procedurally barred. *See Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n.2 (6th Cir. 2010) (stating that while the Sixth Circuit has not squarely addressed whether a party may raise new arguments before a district judge, that were not presented to the magistrate judge, the Sixth Circuit has indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver). *See, e.g.*, *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *Marr v. Foy*, No. 1:07-cv-908, 2010 WL 3061297 (W.D. Mich. Aug. 3, 2010); *Jones-Bey v. Caruso*, 1:07-cv-392, 2009 WL 3644801 (W.D. Mich. Oct. 30, 2009). Thus, since Petitioner asserts this argument for the first time at this stage of his case, his argument that his confession and subsequent guilty pleas must be vacated because they were constitutionally deficient is deemed waived.

Alternatively, even if this claim was not procedurally barred due to Petitioner's failure to raise it before the Magistrate Judge, Petitioner's claim would lack merit. These newly presented claims are also barred by the one-year statute of limitations, which expired in 1997. Petitioner sets forth no basis for equitable tolling. *See Holland*, 560 U.S. at 649. Petitioner merely contends that his lateness in presenting these issues should be excused "[b]ecause no one has ever told petitioner that he was a juvenile at the time he was charged with his crime" (Dkt 10 at 2-3). However, this

argument does not demonstrate that Petitioner has been diligent in pursuing his rights or that some extraordinary circumstance stood in his way. *See Holland*, 560 U.S. at 649.

Petitioner appears to cite *Miller v. Alabama*, 132 S. Ct. 2455 (2012) to support his argument that as a juvenile, Petitioner "had a constitutional right to have his mother present when he was questioned by the police" (Dkt 10 at 2-3). *Miller*, however, holds that mandatory life imprisonment without parole for defendants under the age of 18 violates the Eighth Amendment's prohibition on cruel and unusual punishments. 132 S. Ct. at 2469. Because Petitioner is not arguing that his sentence is somehow defective, *Miller* does not apply. Furthermore, in Michigan, the presence of a parent or guardian during questioning is merely a factor applicable to the determination of whether a juvenile defendant's confession is voluntary. *See People v. Givans*, 575 N.W.2d 84, 88 (Mich. App. 1997) (listing "the presence of an adult parent, custodian, or guardian" as one of nine factors of "the totality of the circumstances test to determine the admissibility of a juvenile's confession"). Therefore, Petitioner fails to establish that he has been diligently pursing his rights or that any extraordinary circumstances have prevented him from making this claim earlier, as *Givans* was decided in 1997. Petitioner, accordingly, is not entitled to equitable tolling of the statute of limitations.

In addition, Petitioner has failed to show actual innocence. Petitioner argues that his confession was inadmissible because he was denied his constitutional right to have his mother present during questioning, but he does not offer any new evidence of his innocence. In *Kuhlmann v. Wilson*, 471 U.S. 436, 454 (1986), the Supreme Court stated that a habeas petitioner must make an evidentiary showing of "factual innocence" even though "the evidence of guilt may have been unlawfully admitted." Consequently, even if Petitioner's confession was inadmissible, he has not

provided any evidence that makes it more likely than not that no reasonable jury would have convicted him. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). As a result, Petitioner is not excused from the statute of limitations under 28 U.S.C. § 2244(d)(1), and his habeas petition is time-barred.[1]

### III. Evidentiary Hearing

Petitioner filed a motion for an evidentiary hearing on his claims of ineffective assistance of counsel and fraud on the court (Dkt 8 at 1). However, Petitioner did not file his motion until after the R & R was filed and as a result, this issue was not presented to the Magistrate Judge. Therefore, it is deemed waived. *See Glidden*, 386 F. App'x at 544 n.2.

Even if the evidentiary hearing was not waived, Petitioner's argument that one is appropriate is without merit. In *Schriro v. Landrigan*, the Supreme Court gave the following guidance to district courts:

> In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief

550 U.S. 465, 474 (2007). A hearing is not required if the petitioner's allegations are "'inherently incredible or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Because all of Petitioner's allegations that would entitle him to relief are conclusory in nature, his argument that an evidentiary hearing is necessary is without merit. Therefore, Petitioner's request for an evidentiary hearing is denied.

### IV. Certificate of Appealability

Having determined Petitioner's objections lack merit, the Court must further determine

---

[1] It also appears that Petitioner's claims would be subject to dismissal for lack of exhaustion. *See Cunningham v. Hudson*, 756 F.3d 477, 485 (6th Cir. 2014).

pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack,* 529 U.S. at 484. Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted. A certificate of appealability will therefore be denied.

Accordingly:

**THEREFORE, IT IS ORDERED** that the objections (Dkt 6) and supplemental objections (Dkt 7) are DENIED and the Report and Recommendation (Dkt 5) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 1), motion for an evidentiary hearing (Dkt 8), and motion for leave to raise supplemental issues (Dkt 10) are DENIED for the reasons stated in the Report and Recommendation and this Opinion.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is DENIED as to each issue asserted.

Dated: September 18, 2015            /s/ Janet T. Neff
                                     JANET T. NEFF
                                     United States District Judge